IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CONNOR MICHALEK, JOSH POLOWY, individually and on behalf of other similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>VILLAGE OF SUGAR GROVE,<br><br>Defendant. | 2020 CV 3434<br><br><br><br><br><br>**Jury Demand** |

## COMPLAINT

CONNOR MICHALEK and JOSH POLOWY, individually and on behalf of similarly situated individuals, by and through their attorneys, JONATHAN LUBIN, MITCHELL GOLDBERG, and TIMOTHY EDMIER, Complain of VILLAGE OF SUGAR GROVE, stating:

### Introduction, Jurisdiction and Venue

1. This is an action brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*, and pursuant to the statutes and common law of the State of Illinois.

2. This Court has jurisdiction over federal claims pursuant to 28 U.S.C. § 1331, and over all state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) because all parties reside in the Northern District of Illinois, and a substantial portion of the events upon which the claim for liability is based occurred in the Northern District of Illinois

### Parties

4. Connor Michalek is a resident of the Northern District of Illinois, and for the relevant period, through December 31, 2019, was an employee of the Village of Sugar Grove, Illinois.

5. Josh Polowy is a resident of the Northern District of Illinois, and for the relevant period, through January 14, 2020, was an employee of the Village of Sugar Grove, Illinois.

6. The Village of Sugar Grove is a municipal corporation located in Kane County, Illinois.

**Facts Common to All Counts**

7. As employees of Defendant, Plaintiffs were required to be "on-call" during certain periods, during which they were not compensated.

8. On-call time would last for one week at a time, during which time employees could be called into work at any time.

9. If they were called, they were expected to come to work rapidly, or face termination.

10. While on call, Plaintiffs were called very frequently.

11. The practical effect was that while on call, Plaintiffs were largely unable to travel anywhere or do anything other than be ready to come into work on a moments' notice.

12. Plaintiffs were not paid for being on-call, either at their regular rate of pay or at time and a half.

13. As a result of the on-call situation, both plaintiffs began to complain about what they understood to be a violation of the law.

14. These complaints were both verbal and written.

15. Plaintiffs also complained to their supervisors about safety concerns, many that involve OSHA and other regulations.

16. For example, Michalek complained about certain employees who were impermissibly working without proper licensing.

17. Despite these complaints, the issues – both the safety issues and the on-call pay issue – were not adequately addressed.

18. Both Plaintiffs, up to the time of their termination, were meeting their employers' legitimate employment expectations.

19. On December 31, 2019, Connor Michalek was terminated.

20. On January 14, 2020, Josh Polowy was terminated.

21. The termination of both parties was based upon their protected activities of reporting their employers' illegal and unsafe behavior.

22. The reasons given for their termination were pretext. The real reason was retaliation.

## COUNT I
## 29 U.S.C. § 207(a)(2)(A) *et seq*
## Brought by Plaintiffs individually and on behalf of similarly situated employees

23. Pursuant to Defendant's policy, Plaintiffs were not paid for their time either at time and a half or even their usual hourly rate, for work done "on call."

WHEREFORE, Plaintiffs request that this Honorable Court enter an order finding Defendant liable under 29 U.S.C. § 207(a)(2)(A), *et seq* for treble damages to Plaintiffs and all similarly situated individuals, and enter an order requiring Defendant to pay said damages, compensatory and punitive damages, interest, costs and reasonable attorneys' fees.

## COUNT II
## 29 U.S.C. § 215(a) *et seq*
## Brought by Plaintiffs individually

24. Defendants terminated Plaintiffs without cause, illegally, in retaliation for their protected acts of complaining about violations of the Fair Labor Standards Act.

WHEREFORE, Plaintiffs request that this Honorable Court enter an order finding Defendant liable for damages under 29 U.S.C. § 215(a) and enter an order reinstating them with full back pay, and full seniority, and/or awarding them back and forward wages, compensatory damages, punitive damages, interest and reasonable attorneys' fees.

## COUNT III
## Illinois Minimum Wage Law - 820 ILCS 105/ *et seq*
## Brought by Plaintiffs individually

WHEREFORE, Plaintiffs request that this Honorable Court enter an order finding Defendant liable for damages under 820 ILCS 105, *et seq*, for the illegal non-payment of wages, and for the illegal retaliation against Plaintiffs, and require Defendant to make Plaintiffs whole, with statutory interest, costs, and reasonable attorneys' fees.

## COUNT IV
## Illinois Whistleblower Act – 740 ILCS 174 *et seq*
## Brought by Plaintiffs individually

25. Defendant is a government agency as that term is used in the Illinois Whistleblower Act, 740 ILCS 174/15(b).

26. Plaintiffs disclosed what they reasonably believed to be material breaches of federal and state law and regulations to their supervisors.

27. Defendants retaliated against Plaintiffs for such disclosures by terminating them.

WHEREFORE, Plaintiffs request that this Honorable Court find Defendant liable for a violation of the Illinois Whistleblower Act and enter an Order requiring Defendant to reinstate them with back pay and full seniority, and to award him damages including lost wages, compensatory damages, interest, punitive damages, costs and reasonable attorneys' fees.

## COUNT VI
## Illinois Common Law Retaliatory Discharge
## Brought by Plaintiffs Individually

WHEREFORE, Plaintiffs request that this Honorable Court find Defendant liable under common law and enter an Order requiring Defendant to reinstate them with back pay, and full seniority, and award them damages including lost wages, compensatory damages, interest, and punitive damages.

Respectfully Submitted,

s/Jonathan Lubin
One of Plaintiffs' Attorneys

Jonathan Lubin
8800 Bronx Ave.
Suite 100H
Skokie, IL 60077

Mitchell Goldberg
Timothy Edmier
Lawrence Kamin
300 South Wacker Drive
Suite 500
Chicago, Illinois 60606

**Plaintiffs demand trial by jury**