UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CONNOR MICHALEK, JOSH POLOWY, individually and on behalf of other similarly situated individuals, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| -vs- | ) ) | No. **20cv3434** |
| VILLAGE OF SUGAR GROVE | ) ) ) | Hon. Robert M. Dow, Jr, presiding Magistrate Sunil R. Harjani |
| Defendants. | ) ) | |

**<u>DEFENDANT, VILLAGE OF SUGAR GROVE'S ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT</u>**

NOW COMES the Defendant, VILLAGE OF SUGAR GROVE, by and through its attorneys, O'REILLY LAW OFFICES, LLC., and for its Answer and Affirmative Defenses to the Complaint at Law, states as follows:

**Introduction, Jurisdiction and Venue**

1. This is an action brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*, and pursuant to the statutes and common law of the State of Illinois.

**ANSWER:** The Defendant admits the allegations in paragraph 1 of the Plaintiffs' Complaint at Law.

2. This Court has jurisdiction over federal claims pursuant to 28 U.S.C. § 1331, and over all state law claims pursuant to 28 U.S.C. § 1367.

**ANSWER:** The Defendant admits the allegations in paragraph 2 of the Plaintiffs' Complaint at Law.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) because all parties reside in the Northern District of Illinois, and a substantial portion of the events upon which the claim for liability is based occurred in the Northern District of Illinois

**ANSWER:** The Defendant admits the allegations in paragraph 3 of the Plaintiffs' Complaint at Law.

## Parties

4. Connor Michalek is a resident of the Northern District of Illinois, and for the relevant period, through December 31, 2019, was an employee of the Village of Sugar Grove, Illinois.

**ANSWER:** The Defendant admits that Connor Michalek is a resident of the Northern District of Illinois, and that through December 30, 2019, he was an employee of the Village of Sugar Grove, Illinois. Defendant denies that he was an employee on December 31, 2019.

5. Josh Polowy is a resident of the Northern District of Illinois, and for the relevant period, through January 14, 2020, was an employee of the Village of Sugar Grove, Illinois.

**ANSWER:** The Defendant admits the allegations in paragraph 5 of the Plaintiffs' Complaint at Law.

6. The Village of Sugar Grove is a municipal corporation located in Kane County, Illinois.

**ANSWER:** The Defendant admits the allegations in paragraph 6 of the Plaintiffs' Complaint at Law.

## Facts Common to All Counts

7. As employees of Defendant, Plaintiffs were required to be "on-call" during certain periods, during which they were not compensated.

**ANSWER:** The Defendant denies each and every allegation contained in paragraph 7 of the Plaintiffs' Complaint at Law.

8. On-call time would last for one week at a time, during which time employees could be called into work at any time.

**ANSWER:** The Defendant denies each and every allegation contained in paragraph 8 of the Plaintiffs' Complaint at Law.

9. If they were called, they were expected to come to work rapidly, or face termination.

**ANSWER:** The Defendant denies each and every allegation contained in paragraph 9 of the Plaintiffs' Complaint at Law.

10. While on call, Plaintiffs were called very frequently.

**ANSWER:** The Defendant denies each and every allegation contained in paragraph 10 of the

Plaintiffs' Complaint at Law.

11. The practical effect was that while on call, Plaintiffs were largely unable to travel anywhere or do anything other than be ready to come into work on a moments' notice.

**ANSWER:** The Defendant denies each and every allegation contained in paragraph 11 of the Plaintiffs' Complaint at Law.

12. Plaintiffs were not paid for being on-call, either at their regular rate of pay or at time and a half.

**ANSWER:** The Defendant denies each and every allegation contained in paragraph 12 of the Plaintiffs' Complaint at Law. Further answering, the Defendant specifically deny that there was a specified "on call" period for their employees and further state that the Plaintiffs were paid for hours worked in the event that they were called in for overtime.

13. As a result of the on-call situation, both plaintiffs began to complain about what they understood to be a violation of the law.

**ANSWER:** The Defendant denies each and every allegation contained in paragraph 13 of the Plaintiffs' Complaint at Law.

14. These complaints were both verbal and written.

**ANSWER:** The Defendant denies each and every allegation contained in paragraph 14 of the Plaintiffs' Complaint at Law.

15. Plaintiffs also complained to their supervisors about safety concerns, many that involve OSHA and other regulations.

**ANSWER:** The Defendant denies each and every allegation contained in paragraph 15 of the Plaintiffs' Complaint at Law.

16. For example, Michalek complained about certain employees who were impermissibly working without proper licensing.

**ANSWER:** The Defendant denies each and every allegation contained in paragraph 16 of the Plaintiffs' Complaint at Law.

17. Despite these complaints, the issues – both the safety issues and the on-call pay issue – were not adequately addressed.

**ANSWER:** The Defendant denies each and every allegation contained in paragraph 17 of the Plaintiffs' Complaint at Law.

18. Both Plaintiffs, up to the time of their termination, were meeting their employers' legitimate employment expectations.

**ANSWER:** The Defendant denies each and every allegation contained in paragraph 18 of the Plaintiffs' Complaint at Law.

19. On December 31, 2019, Connor Michalek was terminated.

**ANSWER:** The Defendant admits that on December 30, 2019, Connor Michalek was terminated. Defendant denies that he was terminated on December 31, 2019.

20. On January 14, 2020, Josh Polowy was terminated.

**ANSWER:** The Defendant admits the allegations contained in paragraph 20 of the Plaintiffs' Complaint at Law.

21. The termination of both parties was based upon their protected activities of reporting their employers' illegal and unsafe behavior.

**ANSWER:** The Defendant denies each and every allegation contained in paragraph 21 of the Plaintiffs' Complaint at Law.

22. The reasons given for their termination were pretext. The real reason was retaliation.

**ANSWER:** The Defendant denies each and every allegation contained in paragraph 22 of the Plaintiffs' Complaint at Law.

WHEREFORE, Defendant, VILLAGE OF SUGAR GROVE, prays for judgment in its favor and against the Plaintiffs plus costs.

## COUNT I
## 29 U.S.C. § 207(a)(2)(A) *et seq*
**Brought by Plaintiffs individually and on behalf of similarly situated employees**

23. Pursuant to Defendant's policy, Plaintiffs were not paid for their time either at time and half or even their usual hourly rate, for work done "on call."

**ANSWER:** The Defendant denies each and every allegation contained in paragraph 23 of the Plaintiffs' Complaint at Law.

WHEREFORE, Defendant, VILLAGE OF SUGAR GROVE, prays for judgment in its favor and against the Plaintiffs plus costs.

## COUNT II
## 29 U.S.C. § 215(a) *et seq*

**Brought by Plaintiffs individually**

24. Defendants terminated Plaintiffs without cause, illegally, in retaliation for their protected acts of complaining about violations of the Fair Labor Standards Act.

**ANSWER:** The Defendant denies each and every allegation contained in paragraph 24 of the Plaintiffs' Complaint at Law.

WHEREFORE, Defendant, VILLAGE OF SUGAR GROVE, prays for judgment in its favor and against the Plaintiffs plus costs.

### COUNT III
### Illinois Minimum Wage Law - 820 ILCS 105/ *et seq*
**Brought by Plaintiffs individually**

WHEREFORE, Plaintiffs request that this Honorable Court enter an order finding Defendant liable for damages under 820 ILCS 105, *et seq*, for the illegal non-payment of wages, and for the illegal retaliation against Plaintiffs, and require Defendant to make Plaintiffs whole, with statutory interest, costs, and reasonable attorneys' fees.

**ANSWER:** The Defendant denies that the Plaintiffs are entitled to any relief whatsoever for a non-payment of wages under the Illinois Minimum Wage Law as stated in Count III of the Plaintiffs' Complaint at Law.

WHEREFORE, Defendant, VILLAGE OF SUGAR GROVE, prays for judgment in its favor and against the Plaintiffs plus costs.

### COUNT IV
### Illinois Whistleblower Act – 740 ILCS 174 *et seq*
**Brought by Plaintiffs individually**

25. Defendant is a government agency as that term is used in the Illinois Whistleblower Act, 740 ILCS 174/15(b).

**ANSWER:** The Defendant admits the allegations contained in paragraph 25 of the Plaintiffs' Complaint at Law.

26. Plaintiffs disclosed what they reasonably believed to be material breaches of federal and state law and regulations to their supervisors.

**ANSWER:** The Defendant denies each and every allegation contained in paragraph 26 of the Plaintiffs' Complaint at Law. The Defendant denies that the Plaintiffs are entitled to any relief whatsoever under the Illinois Whistleblowers Act.

27. Defendants retaliated against Plaintiffs for such disclosures by terminating them.

5

**ANSWER:** The Defendant denies each and every allegation contained in paragraph 27 of the Plaintiffs' Complaint at Law. The Defendant denies that the Plaintiffs are entitled to any relief whatsoever under the Illinois Whistleblowers Act.

WHEREFORE, Defendant, VILLAGE OF SUGAR GROVE, prays for judgment in its favor and against the Plaintiffs plus costs.

## COUNT VI
### Illinois Common Law Retaliatory Discharge Brought by Plaintiffs Individually

WHEREFORE, Plaintiffs request that this Honorable Court find Defendant liable under common law and enter an Order requiring Defendant to reinstate them with back pay, and full seniority, and award them damages including lost wages, compensatory damages, interest, and punitive damages.

**ANSWER:** The Defendant denies that the Plaintiffs were retaliated against at any time and denies that they are entitled to any relief as stated in Count VI of the Plaintiffs' Complaint at Law.

WHEREFORE, Defendant, VILLAGE OF SUGAR GROVE, prays for judgment in its favor and against the Plaintiffs plus costs.

**Defendant demands a trial by jury in this matter.**

**AFFIRMATIVE DEFENSES TO THE PLAINTIFF'S COMPLAINT AT LAW**

NOW COME Defendant, VILLAGE OF SUGAR GROVE, by and through its attorneys, O'REILLY LAW OFFICES, LLC, and for their affirmative defenses to the Plaintiffs' Complaint at Law, state as follows:

### First Affirmative Defense

The Plaintiffs' claims are barred, in part, by the applicable statues of limitations.

### Second Affirmative Defense

The Plaintiffs' claims are barred to the extent that they have failed to mitigate damages or otherwise avoid harm.

### Third Affirmative Defense

The Plaintiffs have sustained no damages, or, if any, de minimus damages, which are not actionable under the FLSA or the IMWL.

### Fourth Affirmative Defense

The Plaintiffs' claims for damages are barred or limited by the Defendant's good faith efforts to comply with applicable law.

### Fifth Affirmative Defense

The Defendant has at all times acted in good faith and has had reasonable grounds for believing that any alleged acts and omissions were not a violation of the FLSA or the IMWL.

### Sixth Affirmative Defense

Payments made to the Plaintiffs as non-exempt employees were made in good faith and in conformity with and in reliance on an administrative regulation, order, ruling, approval, interpretation, administrative practice, and/or enforcement policy of the United States Department of Labor and the Illinois Department of Labor.

### Seventh Affirmative Defense

If any alleged failure to pay the Plaintiffs' overtime wages was unlawful, although such is not admitted, none of the Defendant's alleged actions or omissions constitute a willful violation of the FLSA or the IMWL.

### Eighth Affirmative Defense

The Plaintiffs' claims are barred, in whole or in part, by exclusions, exceptions, credits, set-offs of off-sets permissible under the FLSA or the IMWL.

### Ninth Affirmative Defense

The Plaintiffs' claims are barred as the Defendant's employment decisions regarding the Plaintiffs were based on legitimate, non-discriminatory and non-retaliatory reasons.

### Tenth Affirmative Defense
The Plaintiffs' claims are barred by the Doctrine of Unclean Hands.

### Eleventh Affirmative Defense

In the event that the Plaintiffs establish that they engaged in protected conduct as alleged in their Complaint at Law, the Village of Sugar Grove was not aware that they engaged in such protected conduct.

### Twelfth Affirmative Defense

In the event that the Plaintiffs establish that they engaged in protected conduct and that

such protected conduct was a motivating factor in their terminations or any other employment action taken against them, the Village of Sugar Grove would have taken the same actions in the absence of the protected conduct.

Respectfully submitted:

*/s/ John F. O'Reilly*

John F. O'Reilly

*/s/ Molly M. O'Reilly*

Molly M. O'Reilly
O'REILLY LAW OFFICES, LLC
Attorneys for Defendant
1751 S. Naperville Road, Suite 101
Wheaton, IL 60189
Telephone: 630/665-4444
johnoreilly@oreillylawoffices.com
mollyoreilly@oreillylawoffices.com

## CERTIFICATE OF FILING/PROOF OF SERVICE

The undersigned, on oath, states he filed the Defendant, Village of Sugar Grove's Answer and Affirmative Defenses to the Plaintiffs' Complaint at Law using the court's electronic filing system and served this Notice and documents herein by emailing a copy to the attorney listed below on August 10, 2020.

Jonathan Lubin 8800 Bronx Ave. Suite 100H Skokie, IL 60077
jonathan@lubinlegal.com

Mitchell Goldberg Timothy Edmier Lawrence Kamin
300 South Wacker Drive Suite 500
Chicago, Illinois 60606
mgoldberg@lawrencekaminlaw.com
tedmier@lawrencekaminlaw.com

*/s/ John F. O'Reilly*

O'Reilly Law Offices, LLC
Attorneys for Defendant
1751 S. Naperville Rd., Suite 101
Wheaton, IL 60189
Telephone: 630/665-4444
johnoreilly@oreillylawoffices.com
mollyoreilly@oreillylawoffices.com